UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO JOSEPH BARDO,<br><br>    Petitioner,<br><br>v.<br><br>KEN CLARK, Warden,<br><br>    Respondent. | Case No. 19-00759 BLF (PR)<br><br>**ORDER GRANTING MOTION FOR LEAVE TO FILE AMENDED PETITION; GRANTING MOTION FOR EXTENSION OF TIME; GRANTING MOTION TO DISMISS; DENYING CERTIFICATE OF APPEALABILITY**<br><br>(Docket Nos. 46, 49, 51) |

    Petitioner, a state prisoner, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his state conviction with the assistance of counsel. Dkt. No. 1. The Court granted Respondent's unopposed motion to dismiss the petition for failure to exhaust. Dkt. No. 16. The Court reopened the action to give Petitioner an opportunity to file opposition in *pro se* to Respondent's motion to dismiss the original petition for failure to exhaust state judicial remedies. Dkt. No. 20. Petitioner was granted several extensions of time to obtain his state trial records from former counsel so that he could prepare an opposition. Dkt. Nos. 25, 28, 32, 34.

    Then for the first time on June 26, 2020, Petitioner filed a motion for leave to file an amended petition which was deficient because he did not file a proposed amended petition. Dkt. Nos. 40, 44. He was granted one opportunity to file a renewed motion along with the

proposed amended petition. Dkt. No. 45. On October 13, 2020, Petitioner filed an amended petition raising two claims which were not raised in the original petition. Dkt. No. 46.

Respondent filed a motion to dismiss the amended petition as untimely and for failure to exhaust claim 2. Dkt. No. 49. The Court construes the motion as a non-opposition to Petitioner's motion for leave to file an amended petition and deems the amended petition as the operative petition in this matter. Accordingly, Respondent's first motion to dismiss the original petition is DENIED as moot since the amended petition supersedes the original petition. Dkt. No. 13.

Petitioner filed a motion for an extension of time to file opposition. Dkt. No. 51. Good cause appearing, the motion is GRANTED. Accordingly, Petitioner's opposition filed on January 8, 2021, Dkt. No. 52, is deemed timely filed. Respondent filed a timely reply. Dkt. No. 53.

For the reasons set forth below, Respondent's motion to dismiss the amended petition is GRANTED.

## I. BACKGROUND

In Santa Clara County Superior Court, a jury found Petitioner guilty of two counts of sexual penetration of a child 10 years of age or younger and one count of committing a forcible lewd or lascivious act on a child under the age of 14 years. Dkt. No. 13, Ex. A.[1] The trial court found true a prior "strike" conviction and sentenced Petitioner to an indeterminate prison term of 15 years to life, consecutive to an eight-year determinate term. *Id.*

On January 12, 2018, the California Court of Appeal affirmed the conviction. *Id.* On March 28, 2018, the California Supreme Court denied review. *Id.*, Exs. B and C.

On February 12, 2019, Petitioner's counsel filed the instant federal habeas action,

---

[1] Any reference to exhibits is to the exhibits filed with Respondent's first motion to dismiss, unless otherwise indicated. Dkt. No. 13-1, Exhibits A through C.

United States District Court
Northern District of California

raising one claim: that Petitioner was deprived of his Fourteenth Amendment right to testify in state court. Dkt. No. 1.

On October 16, 2019, this Court granted Respondent's motion to dismiss the petition for failure to exhaust state court remedies which was not opposed; judgment was entered the same day. Dkt. Nos. 16, 17. On October 22, 2019, the Court reopened the case and vacated the order granting the motion to dismiss and accompanying judgment, to give Petitioner an opportunity to proceed *pro se* and file opposition to Respondent's motion to dismiss. Dkt. No. 20. He requested and was granted several extensions of time to file an opposition, as Petitioner was waiting to receive his trial records from counsel. Dkt. Nos. 28, 32, 34, 37.

Then for the first time on June 26, 2020, Petitioner filed a motion for leave to file an amended petition. Dkt. No. 40. The motion was denied since Petitioner failed to file a proposed amended petition along with the motion. Dkt. No. 45. On August 17, 2020, Petitioner filed a notice that he had received his court file from counsel. Dkt. No. 42. On October 13, 2020, Petitioner filed a first amended habeas petition which was construed as a request for leave to file an amended petition. Dkt. No. 46. In response to the court order, Dkt. No. 47, Respondent filed a motion to dismiss the amended petition on November 23, 2020. Dkt. No. 47. As stated above, the Court construes the motion as a non-opposition to Petitioner's motion for leave to file an amended petition and deems the amended petition as the operative petition in this matter. Therefore, the operative claims in this matter are those presented in the amended petition, and the previously unexhausted claim presented in the original petition is considered waived. *See Sechrest v. Ignacio*, 549 F.3d 789, 804 (9th Cir. 2008).

## II. DISCUSSION

### A. Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which became law on April 24, 1996, imposed for the first time a statute of limitations on

3

petitions for a writ of habeas corpus filed by state prisoners. Petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the latest of the date on which: (A) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (B) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (C) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (D) the factual predicate of the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1). Time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the one-year time limit. *Id*. § 2244(d)(2).

"Direct review" includes the period within which a petitioner can file a petition for a writ of certiorari from the United States Supreme Court, whether or not the petitioner actually files such a petition. *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999). Accordingly, if a petitioner fails to seek a writ of certiorari from the United States Supreme Court, AEDPA's one-year limitations period begins to run on the date the ninety-day period defined by Supreme Court Rule 13 expires. *See Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002) (where petitioner did not file petition for certiorari, his conviction became final 90 days after the California Supreme Court denied review); *Bowen*, 188 F.3d at 1159 (same). As the Eighth Circuit put it: "[T]he running of the statute of limitations imposed by § 2244(d)(1)(A) is triggered by either (i) the conclusion of all direct criminal appeals in the state system, followed by either the completion or denial of certiorari proceedings before the United States Supreme Court; or (ii) if certiorari was not sought, then by the conclusion of all direct criminal appeals in the state system followed by the expiration of the time allotted for filing a petition for the writ." *Smith v. Bowersox*, 159 F.3d 345, 348 (8th Cir. 1998), *cert. denied*, 525 U.S. 1187 (1999).

Respondent asserts that the relevant subdivision for calculating the one-year statute of limitations in this case is § 2244(d)(1)(A), such that Petitioner had one year from the

4

date the judgment became final after the conclusion of direct review or the time passed for seeking direct review. Dkt. No. 49 at 3. Petitioner's judgment became final on June 26, 2018, which is ninety days after the California Supreme Court denied his petition for review on March 28, 2018. *See supra* at 2; *see Miranda*, 292 F.3d at 1065. Absent tolling, Petitioner had one year thereafter, *i.e.*, until June 26, 2019, to file a timely federal habeas petition. *See* 28 U.S.C. § 2244(d)(1)(A). Respondent asserts that the amended complaint filed on October 13, 2020, is untimely because it was filed over a year after the limitations period expired. Dkt. No. 49 at 3. Respondent is correct. Because Petitioner filed the amended petition on October 13, 2020, which was well over one year after the limitations period expired on June 26, 2019, it is untimely unless tolling applies to save the petition.

However, Petitioner is not entitled to any statutory tolling. The one-year statute of limitations is tolled under § 2244(d)(2) for the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). However, Respondent asserts that Petitioner did not seek collateral review in the state courts, which Petitioner does not dispute. Dkt. No. 49 at 3; Dkt. No. 52. Nor does Petitioner's original petition filed on February 12, 2019, toll the statute of limitations. An application for federal habeas corpus review is not an "application for State post-conviction or other collateral review" within the meaning of § 2244(d)(2). *Duncan v. Walker*, 533 U.S. 167, 180-81 (2001). Thus, the running of the limitations period is not tolled for the period during which the original federal petition was pending. *Id.* at 181.

### 1. <u>Equitable Tolling</u>

In opposition, Petitioner asserts that the untimeliness of the claims was not his fault but due to counsel who did not have Petitioner's interest in mind when picking and choosing the claims to raise on appeal, and here, raising only one claim on federal habeas which was not exhausted in the state courts. Dkt. No. 52 at 2-3. Petitioner asserts these actions by counsel constituted ineffective assistance, and he can establish cause and prejudice to overcome any procedural default. *Id.* at 3-4. Respondent construes

5

Petitioner's first argument as one for equitable tolling, and with respect to procedural default, points out that they did not assert that any of Petitioner's claims were procedurally defaulted. Dkt. No. 53 at 2. Accordingly, the Court will not address Petitioner's arguments regarding procedural default as irrelevant.

"[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *Rasberry v. Garcia*, 448 F.3d 1150, 1153 (9th Cir. 2006) (quoting *Pace*); *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999) ("When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate.") The petitioner bears the burden of showing that this "extraordinary exclusion" should apply to him. *Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002). The prisoner also must show that "the extraordinary circumstances were the cause of his untimeliness, and that the extraordinary circumstances made it impossible to file a petition on time." *Ramirez v. Yates*, 571 F.3d 993, 997 (9th Cir. 2009) (internal quotation marks and citations omitted).

Respondent asserts that Petitioner has failed to show that his counsel's ineffective assistance was the cause of his late filing. Dkt. No. 59 at 2. To the extent that Petitioner may be claiming that he was unable to file his first amended petition until he received his state court file from counsel, Respondent asserts that Petitioner was not required to attach any state-court records to his petition unless challenging the sufficiency of the evidence. *Id.* Respondent asserts, furthermore, that Petitioner's former counsel stated in a January 2020 letter to the Court that he had already sent Petitioner his appellate file, and again in June 2020. *Id.*; Dkt. Nos. 27, 38. Respondent also asserts that Petitioner fails to point to any particular document he needed in order to file a first amended petition. *Id.* at 2-3, citing *Chaffer v. Prosper*, 592 F.3d 1046, 1049 (9th Cir. 2010) (explaining that petitioner must point to a particular document that was necessary to prepare the federal petition and

show that he could not procure that document in time to file a timely petition). Lastly, Respondent asserts that Petitioner's only exhausted claim in his first amended petition, that an erroneous general intent instruction was given, is the same claim raised in the petition for review in the California Supreme Court, which indicates that the lack of access to legal materials was not the cause for delay in filing a federal petition. *Id.* at 3, citing *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998) (similarity of federal claims to those raised in direct appeal and motion for state post conviction relief undercut argument that lack of access to legal materials cased delay in filing federal petition that warranted equitable tolling).

After carefully considering the briefs, the Court finds that Petitioner has failed to show that counsel's ineffective assistance was the cause for the delay in filing a timely federal petition. Although Petitioner did not specifically argue it, Respondent appropriately considered whether the delay in obtaining his state files from counsel was an extraordinary circumstance by which Petitioner could assert equitable tolling. It was not. Since the Court reopened this matter in October 2019, Petitioner did not move to file an amended petition until eight months later, in June 2020. During that time, Petitioner indicated that he needed his trial court records to prepare an opposition; he did not indicate that he contemplated preparing an amended petition and needed the records to do so. Dkt. Nos. 26, 31, 33, 39. Furthermore, when he moved to file an amended petition on June 26, 2020, Petitioner indicated that his wife had recently sent him a copy of the federal petition prepared by counsel, which brought to his attention the fact that counsel had failed raise claims filed on appeal. Dkt. No. 40 at 1. Petitioner apparently was not previously aware what counsel had prepared on his behalf. However, when this action was filed on February 12, 2019, Petitioner still had time to file a timely habeas petition that contained all the claims he wished to pursue. With the exercise of diligence, he could have known what claims counsel was raising, or failing to raise, and ensure that the federal petition included all the claims raised on appeal. Petitioner asserts that counsel rendered ineffective assistance in preparing an inadequate federal petition, but nowhere does he

7

assert that counsel's actions prevented him from exercising due diligence in this matter or made it impossible for him to file a timely petition. *See Ramirez*, 571 F.3d at 997. Furthermore, the amended petition he filed does not appear to have required much research and preparation. Rather, Petitioner prepared a single paragraph "Introduction" stating his two claims, and then attached what appears to be the California Court of Appeal's opinion on appeal, rejecting his claims. *Compare* Dkt. No. 46 to Dkt. No. 13-1 at 2-16. It cannot be said that Petitioner needed his entire state trial record to prepare such a document or that counsel's actions made it impossible for Petitioner to file such a petition in a timely manner. Accordingly, Petitioner has failed to show that external forces, rather than his own lack of diligence, accounts for his failure to file a timely petition. *See Miles*, 187 F.3d at 1107. Petitioner is not entitled to equitable tolling based on ineffective assistance of counsel.

## 2. **Relation Back**

Petitioner's amended petition could be considered timely if it relates back to the claims in the original petition. An amendment made after AEDPA's one-year statute of limitations has run relates back to the date of the original pleading when the amendment "asserts one or more claims that arise out of 'the conduct, transaction, or occurrence' that the original petition "set out" or "attempted to . . . set out." *Ross v. Williams*, 950 F.3d 1160, 1167 (9th Cir. 2020) (en banc) (quoting Fed. R. Civ. P. 15(c)(1)(B)). "An amended habeas petition . . . does not relate back (and thereby escape AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." *Mayle v. Felix*, 545 U.S. 644, 650 (2005) (finding that new coerced confession claim did not relate back to the original petition that raised only a factually distinct Confrontation Clause claim). Only if the original and amended petition state claims that are tied to a common core of operative facts will relation back be in order. *Id.* at 664.

Petitioner's original petition raised one claim: that Petitioner was deprived of his Fourteenth Amendment right to testify in state court. Dkt. No. 1. The amended petition

8

raised two claims: (1) the erroneous general intent jury instruction violated due process under the Fifth and Fourteenth Amendments; and (2) the trial court erred in excluding evidence that the victim had been previously molested, had sexual knowledge, and had made a prior false allegation, violating Petitioner's rights to due process, confrontation, and a fair trial. Dkt. No. 46 at 1. It cannot be said that these three claims are tied to a common core of operative facts. The right to testify claim from the original petition requires a different set of facts in support that are different in time and type from the jury instruction claim and the exclusion of evidence claim regarding the victim's past and knowledge that were presented in the amended petition. *See Mayle*, 545 U.S. at 650. For example, the jury instruction claim occurred after all the evidence was presented, certainly after Petitioner was allegedly denied his right to testify, and the exclusion of evidence regarding the victim's past and knowledge has nothing to do with Petitioner's right to testify. Accordingly, the Court is not persuaded that the original and amended petition state claims that are tied to a common core of operative facts such that relation back is in order. *Id.* at 664.

Based on the foregoing, the amended petition must be dismissed in its entirety as untimely. Respondent's motion to dismiss based thereon should be granted.

**B.      Exhaustion**

Respondent also asserts that claim 2 of the amended petition is unexhausted. Dkt. No. 49 at 3.

Prisoners in state custody who wish to challenge collaterally in federal habeas proceedings either the fact or length of their confinement are first required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. *See* 28 U.S.C. § 2254(b)-(c). If available state remedies have not been exhausted as to all claims, the district court must dismiss the petition. *Duckworth v. Serrano*, 454 U.S. 1, 3-5 (1981). Before he may challenge either the fact or length of his confinement in a habeas petition in this Court, petitioner must

present to the California Supreme Court any claims he wishes to raise in this court. *See Rose v. Lundy*, 455 U.S. 509, 522 (1982) (holding every claim raised in federal habeas petition must be exhausted). If available state remedies have not been exhausted as to all claims, the district court must dismiss the petition. *Id*. at 510; *Guizar v. Estelle*, 843 F.2d 371, 372 (9th Cir. 1988).

Petitioner raises two claims in the amended petition: (1) the erroneous general intent jury instruction violated due process under the Fifth and Fourteenth Amendments; and (2) the trial court erred in excluding evidence that the victim had been previously molested, had sexual knowledge, and had made a prior false allegation, violating Petitioner's rights to due process, confrontation, and a fair trial. Dkt. No. 46 at 1. Respondent asserts that claim 1 was included in the petition for review filed in the California Supreme Court, but claim 2 was not and remains unexhausted. Dkt. No. 49 at 4, citing Dkt. No. 13-1. Ex. B. Petitioner does not dispute this argument in opposition. Dkt. No. 52.

Based on the foregoing, it is clear that one of the claims in the amended petition was not exhausted and therefore results in a mixed petition. Petitioner would normally be granted an opportunity to move for a stay to return to state court to exhaust the unexhausted claim under *Rhines v. Webber*, 544 U.S. 569, 277-78 (2005), but such an action would be futile because the amended petition is untimely as discussed above. *See supra* at 9. Accordingly, the Court must dismiss the amended petition for failure to exhaust all claims prior to filing. *See Rose v. Lundy*, 455 U.S. at 510.

### III. CONCLUSION

For the foregoing reasons, Respondent's motion to dismiss the amended petition is **GRANTED**. Dkt. No. 49. The amended petition for a writ of habeas corpus is **DISMISSED** as untimely and for failure to exhaust state remedies as to all claims prior to filing this action.

Respondent's first motion to dismiss is DENIED as moot. Dkt. No. 13. Petitioner's motion to file an amended petition is GRANTED. Dkt. No. 46. Petitioner's motion for an extension of time to file opposition is GRANTED. Dkt. No. 51.

No certificate of appealability is warranted in this case. *See* Rule 11(a) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254 (requiring district court to rule on certificate of appealability in same order that denies petition). Petitioner has not shown "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

This order terminates Docket Nos. 13, 46, 49, and 51.

**IT IS SO ORDERED.**

Dated: May 17, 2021

BETH LABSON FREEMAN
United States District Judge

Order Granting Motion to Dismiss; Denying COA; Other Motions
P:\PRO-SE\BLF\HC.19\00759Bardo_grant-mtd(sol&exh)