1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

9

NORTHERN DISTRICT OF CALIFORNIA

10

11
MARIO JOSEPH BARDO,

Petitioner,

Case No. 19-00759 BLF (PR)

12
v.

**ORDER DENYING MOTION FOR RECONSIDERATION**

13

14
KEN CLARK, Warden,

15
Respondent.

16

(Docket No. 56)

17

18    Petitioner, a state prisoner proceeding *pro se*, filed a petition for a writ of habeas

19    corpus pursuant to 28 U.S.C. § 2254, challenging his state conviction with the assistance of

20    counsel. Dkt. No. 1. The Court granted Respondent's unopposed motion to dismiss the

21    petition for failure to exhaust, Dk. No. 16, and then reopened the action to give Petitioner

22    an opportunity to file opposition in *pro se* to Respondent's motion to dismiss. Dkt. No. 20.

23    Rather than file opposition, however, Petitioner filed an amended petition. Dkt. No. 46.

24    Respondent filed a motion to dismiss the amended petition as untimely and for failure to

25    exhaust one of the claims. Dkt. No. 49. The Court granted the motion and dismissed the

26    petition as untimely and for failure to exhaust state remedies as to all claims prior to filing

27    this action on May 17, 2021. Dkt. No. 54.

28    Petitioner has filed a motion for reconsideration, asserting that his counsel's

misconduct is grounds for exceptional circumstances to save the petition from being untimely, and that the Court erred in dismissing the unexhausted claims with prejudice. Dkt. No. 56.

## DISCUSSION

### A.      Motion for Reconsideration

Where the court's ruling has resulted in a final judgment or order (e.g., after dismissal or summary judgment motion), a motion for reconsideration may be based either on Rule 59(e) (motion to alter or amend judgment) or Rule 60(b) (motion for relief from judgment) of the Federal Rules of Civil Procedure. *See Am. Ironworks & Erectors v. N. Am. Constr. Corp.*, 248 F.3d 892, 898-99 (9th Cir. 2001). The denial of a motion for reconsideration under Rule 59(e) is construed as a denial of relief under Rule 60(b). *Id.* at 1255 n.3 (9th Cir. 1999) (citation omitted) (en banc).

Motions for reconsideration should not be frequently made or freely granted; they are not a substitute for appeal or a means of attacking some perceived error of the court. *See Twentieth Century - Fox Film Corp. v. Dunnahoo*, 637 F.2d 1338, 1341 (9th Cir. 1981). "'[T]he major grounds that justify reconsideration involve an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Pyramid Lake Paiute Tribe of Indians v. Hodel*, 882 F.2d 364, 369 n.5 (9th Cir. 1989) (quoting *United States v. Desert Gold Mining Co.*, 433 F.2d 713, 715 (9th Cir. 1970)).

### 1.      Rule 59(e)

A motion for reconsideration under Rule 59(e) "'should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the law.'" *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (citation omitted) (en banc). Evidence is not newly discovered for purposes of a Rule 59(e) motion if it was available

prior to the district court's ruling. *See Ybarra v. McDaniel*, 656 F.3d 984, 998 (9th Cir. 2011) (affirming district court's denial of habeas petitioner's motion for reconsideration where petitioner's evidence of exhaustion was not "newly discovered" because petitioner was aware of such evidence almost one year prior to the district court's denial of the petition). A district court does not commit clear error warranting reconsideration when the question before it is a debatable one. *See McDowell*, 197 F.3d at 1256 (district court did not abuse its discretion in denying reconsideration where question whether it could enter protective order in habeas action limiting Attorney General's use of documents from trial counsel's file was debatable). Petitioner does not assert newly discovered evidence or an intervening change in law in his motion for reconsideration. Dkt. No. 56. Rather, he asserts that the Court erred in its decision.

Petitioner asserts that he is entitled to equitable tolling based on counsel's misconduct. The original petition in this action was filed by counsel and contained one claim that was unexhausted. Dkt. No. 1. Petitioner asserts that he was not allowed to file any kind of motion or any petition on his own while he was represented, so he was "at the mercy of his counsel" until he went pro se. Dkt. No. 56 at 3. This is essentially the same argument he raised in opposition to Respondent's motion to dismiss. Dkt. No. 52. However, the Court thoroughly discussed whether Petitioner was entitled to equitable tolling and found he was not. As discussed in the order granting Respondent's motion, Petitioner failed to show that his counsel's ineffective assistance was the cause of his late filing. It was undisputed that the limitations period for Petitioner to file a timely federal petition ended on June 26, 2019. Dkt. No. 54 at 5. Therefore, when counsel filed the original petition on February 12, 2019, Petitioner still had time to ensure that the timely petition contained all the claims he wished to pursue. *Id.* at 7. Apparently, Petitioner was unaware what claims counsel raised in the original petition. *Id.* However, with the exercise of diligence, he could have known what claims counsel was raising, or failing to raise, and ensure that the federal petition at least included all the claims raised on appeal.

3

*Id.* It was clear that Petitioner did not exercise such due diligence. Moreover, Petitioner did not allege that counsel refused to discuss the matter with him or prevented him from exercising due diligence. Furthermore, the Court noted that after this matter was reopened in October 2019, Petitioner did not move to file an amended petition until eight months later, in June 2020. *Id.* The Court found no good cause for the delay considering the brevity of the amended petition and Petitioner's lack of due diligence. *Id.* at 8. There was no clear error in this decision.

Petitioner also asserts that the Court erred in dismissing the case with prejudice if a claim is unexhausted and the state does not waive the exhaustion requirement. Dkt. No. 56 at 3. This is correct only if exhaustion was the only basis for dismissal. The Court already determined that the amended petition was untimely. Therefore, as stated in the court order, providing Petitioner with an opportunity to return to state court to exhaust unexhausted claims would be futile because any newly exhausted claims would be time-barred. Dkt. No. 54 at 10. Accordingly, there was no clear error in this decision.

Based on the foregoing, the Court finds reconsideration is not warranted under Rule 59(e) as there was no clear error.

## 2. Rule 60(b)

Rule 60(b) of the Federal Rules of Civil Procedure provides for reconsideration where one or more of the following is shown: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered before the court's decision; (3) fraud by the adverse party; (4) voiding of the judgment; (5) satisfaction of the judgment; (6) any other reason justifying relief. Fed. R. Civ. P. 60(b); *School Dist. 1J v. ACandS Inc.*, 5 F.3d 1255, 1263 (9th Cir.1993). Subparagraph (6) requires a showing that the grounds justifying relief are extraordinary; mere dissatisfaction with the court's order or belief that the court is wrong in its decision are not adequate grounds for relief. *See Twentieth Century - Fox Film Corp. v. Dunnahoo*, 637 F.2d 1338, 1341 (9th Cir. 1981). Motions for reconsideration should not be frequently

4

1    made or freely granted; they are not a substitute for appeal or a means of attacking some

2    perceived error of the court.  *Id.*

3        The Court has already discussed Petitioner's arguments for reconsideration above.

4    *See supra* at 3.  Here, neither counsel's ineffective assistance nor the dismissal with

5    prejudice of the unexhausted claims establish any grounds for reconsideration under Rule

6    60(b).  Furthermore, Petitioner sets forth no specific basis for reconsideration based on

7    mistake, inadvertence, surprise, or excusable neglect.  Nor does he present any newly

8    discovered evidence, or assert fraud by the Respondent, voiding or satisfaction of the

9    judgment, or any other reason justifying relief.  Accordingly, Petitioner has failed to show

10   that reconsideration is warranted under Rule 60(b).

11

12                                   **CONCLUSION**

13       For the reasons discussed above, Petitioner's motion for reconsideration is

14   **DENIED**.  Petitioner may appeal this matter to the Ninth Circuit.

15       This order terminates Docket No. 56.

16       **IT IS SO ORDERED.**

17   Dated**:  __July 2, 2021_____**

18                                   BETH LABSON FREEMAN
                                     United States District Judge

19

20

21

22

23

24

25   Order Denying Motion for Recon.
     PRO-SE\BLF\HC.19\00759Bardo_deny.recon
26

27

28                                        5